## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARGARET M. WOODS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **NO. 3:24-CV-1759-B** |
| | § | |
| **DELTA AIR LINES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

### <u>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

Celeste R. Yeager
Texas State Bar No. 00797715
cyeager@littler.com
M. Collin Quigley
Texas State Bar No. 24100928
cquigley@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201.2931
Telephone:   214.880.8100
Facsimile:   214.880.0181

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

1

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION..................................................................1

II. BACKGROUND...............................................................3

III. ARGUMENTS & AUTHORITIES ....................................5

    A.    The Complaint Should be Dismissed With Prejudice...........................5

        1.    Legal standard under Rule 12(b)(6)...........................5

        2.    Plaintiff did not timely file her Complaint. .................6

        3.    Plaintiff is not entitled to the protections of Title VII. ..............9

    B.    Alternatively, The Complaint Should Be Dismissed Without Prejudice. ........................................10

        1.    Legal standard under Rule 12(b)(3)...........................11

        2.    Venue is not proper in the Northern District of Texas. ...........11

IV. CONCLUSION.................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adcock v. Chrysler Corp.*,
166 F.3d 1290 (9th Cir. 1999) ...............................................................................10

*Atl. Marine Const. Co. v. U.S. Dist. Ct. W. Dist. of Tex.*,
571 U.S. 49 (2013)...................................................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................5

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)..............................................................................................11

*Bustos v. United Parcel Serv., Inc.*,
2020 WL 2529384 (S.D. Tex. Apr. 29, 2020) ...........................................................5

*Christopher v. Stouder Memorial Hosp.*,
936 F.2d 870 (6th Cir. 1991) ..................................................................................10

*Cilecek v. Inova Health System Services*,
115 F.3d 256 (4th Cir. 1997) ..................................................................................10

*Cobb v. Sun Papers, Inc.*,
673 F.2d 337 (11th Cir. 1982) .................................................................................10

*Diggs v. Harris Hospital-Methodist, Inc.*,
847 F.2d 270 (5th Cir. 1988) ....................................................................................9

*Ebbert v. DaimlerChrysler Corp.*,
319 F.3d 103 (3d Cir. 2003)......................................................................................7

*Eisenberg v. Advance Relocation & Storage, Inc.*,
237 F.3d 111 (2d Cir. 2000).....................................................................................10

*Fuhr v. City of Sherman*,
No. 4:21-CV-549, 2022 WL 828926 (E.D. Tex. Mar. 18, 2022) .............................5

*Gen. Retail v. Wireless Toyz*,
255 F. App'x 775 (5th Cir. 2007) ..............................................................................5

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*,
209 F.3d 552 (6th Cir. 2000) ....................................................................................8

# TABLE OF AUTHORITIES
(CONTINUED)

**PAGE**

*Hernandez v. Univ. of Tex.-Pan Am.*,
    2017 WL 6444957 (S.D. Tex. Aug. 10, 2017) ...........................................................6

*Hunter–Reed v. City of Hous.*,
    244 F. Supp. 2d 733 (S.D. Tex. 2003) .....................................................................7

*Inclusive Comm. v. Lincoln Prop.*,
    920 F.3d 890 (5th Cir. 2019) ..................................................................................5

*Jackson-Pringle v. Wash. Metro. Area Transit Auth.*,
    No. 20-1880 (JDB), 2022 WL 2982107 (D.D.C. July 28, 2022).............................6

*McNaney v. Sampson & Morris Grp., Inc.*,
    2022 WL 1017388 (W.D. Pa. Apr. 5, 2022).........................................................8, 9

*O'Neal v. Cargill, Inc.*,
    178 F. Supp. 3d 408 (E.D. La. 2016) .....................................................................6

*Ost v. West Suburban Traverlers Limousine, Inc.*,
    88 F.3d 435 (7th Cir. 1996) ..................................................................................10

*Ringgold v. Nat'l Maint. Corp.*,
    796 F.2d 769 (5th Cir. 1986) ..................................................................................6

*Robinson v. Securitas Sec.*,
    2023 WL 11822259 (W.D. La. July 24, 2023) .......................................................6

*Salaiz v. Am.'s Lift Chairs, LLC*, No. EP-22-CV-26-DB, 2022 WL
    17548580, at *1 (W.D. Tex. Apr. 25, 2022) ......................................................... 11

*Straughn v. Tex. Powertrain Assembly, LLC*,
    2014 WL 5426489 (W.D. Tex. Oct. 22, 2014) ......................................................7

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir.2002) ...........................................................................6, 7, 9

*Taylor v. Cnty. Bancshares, Inc.*,
    325 F. Supp. 2d 755 (E.D. Tex. 2004) ...................................................................8

*Thornton v. S. Cent. Bell Tel. Co.*,
    906 F. Supp. 1110 (S.D. Miss. 1995).....................................................................7

*Wilde v. County of Kandiyohi*,
    15 F.3d 103 (8th Cir. 1994) ..................................................................................10

## TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Young v. Martin Marietta Materials Inc.*,
    2022 WL 18109693 (E.D. Tex. Nov. 8, 2022) ........................................................................7

**Statutes**

28 U.S.C. § 1391 ...................................................................................................................11

28 U.S.C. § 1391(b)(1) ..........................................................................................................12

28 U.S.C. § 1391(b)(1), (b)(2) ...............................................................................................11

28 U.S.C. § 1391(b)(2) ..........................................................................................................12

28 U.S.C. § 1391(b)(3) ..........................................................................................................11

42 U.S.C. § 2000e–5(f)(1) ...................................................................................................6, 9

42 U.S.C. § 2000e-2(a)(1) ........................................................................................................9

**Other Authorities**

TEX. R. CIV. P. 12(b)(3) ..........................................................................................1, 2, 3, 10, 11, 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET M. WOODS, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | NO. 3:24-CV-1759-B |
| | § | |
| DELTA AIR LINES, INC., | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") files this Brief in Support of Defendant's Motion to Dismiss, respectfully requesting the Court dismiss Margaret M. Woods' ("Plaintiff" or "Woods") Original Complaint (the "Complaint") [ECF 3] *with* prejudice under Federal Rules of Civil Procedure 12(b)(6). Alternatively, Defendant requests the Complaint be dismissed *without* prejudice under Rule 12(b)(3).

### I. INTRODUCTION

The Court should dismiss Plaintiff's claims *with* prejudice for two independent reasons. First, the EEOC provided Plaintiff with notice of her right to sue on at least three occasions:[1] (1) by email on January 3, 2024; (2) by reminder email on January 11, 2024; and (3) by traditional mail on January 19, 2024. Despite this, Plaintiff did

---

[1] Notably, Plaintiff fails to make any allegations in her Complaint demonstrating she exhausted her administrative remedies, including whether she filed a charge of discrimination with the EEOC, whether she received a right-to-sue notice, and whether she filed this lawsuit within 90 days of receiving the right-to-sue notice. This Court should dismiss on this alone.

not file her Complaint until July 10, 2024, 189 days after the EEOC's initial email, 181 days after the EEOC's reminder email, and 173 days after the EEOC sent Plaintiff the right-to-sue notice by traditional mail to her last known address. Even if Plaintiff were not considered to have received sufficient notice of her right to sue until January 26, 2024 – *i.e.*, the seventh day after the EEOC mailed Plaintiff the right-to-sue notice – Plaintiff's Complaint is still untimely by over 75 days. Because Plaintiff's claims are time barred, the Court should dismiss them with prejudice.

Second, even if Plaintiff's claims were timely filed, the Court should still dismiss them with prejudice, as Plaintiff was never an employee of Defendant and, as such, is not entitled to the protections of Title VII. Instead, Plaintiff was, at all relevant times, an independent contractor, employed by AllSourcePPS, Inc., a third-party vendor of Defendant. Because only employees are entitled to the protections of Title VII, the Court should further dismiss Plaintiff's claims with prejudice.

In the event the Court decides not to dismiss Plaintiff's claims with prejudice, however, the Court should nevertheless dismiss Plaintiff's claims without prejudice under Rule 12(b)(3) for improper venue. Generally, venue is only proper in districts where (1) the defendant resides, or (2) a substantial part of the claim occurred. If there is no such district, then venue may also be proper in any district in which the defendant is subject to the court's personal jurisdiction—this is known as the "fallback option." Defendant resides in Delaware (*i.e.*, its state of incorporation) and Georgia (*i.e.*, the state in which it maintains its principal place of business), not Texas. And all of the events alleged in Plaintiff's Complaint occurred outside of the

state of Texas. As such, venue is not proper in the Northern District of Texas. Furthermore, because Plaintiff could have brought this suit in either the District of Delaware (*i.e.*, the district in which Defendant is incorporated) or the Northern District of Georgia (*i.e.*, the district in which Defendant maintains its principal place of business and a substantial part of Plaintiff's claims is alleged to have occurred), the "fallback option" is not triggered. Consequently, in the absence of a dismissal with prejudice under Rule 12(b)(6), the Court should dismiss Plaintiff's claims without prejudice under Rule 12(b)(3).

## II.  BACKGROUND

Plaintiff is a former employee of AllSourcePPS, Inc., who provided services to Defendant as an independent contractor at Defendant's facility located at the Hartsfield-Jackson Atlanta International Airport. ECF 3, n. 1 ("I was a contractor"), ¶ 13 ("AllSourcePPS, Inc. finalized the onboarding process for employment").

Plaintiff dual-filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division on February 9, 2023, alleging race- and sex-based discrimination and retaliation by Defendant under Title VII of the Civil Rights Act of 1964 (Title VII). APP. 007–9. The EEOC conducted a Pre-Determination Interview with Plaintiff on December 20, 2023. APP. 051–54. During that interview, the EEOC Investigator informed Plaintiff that:

> Absent of [sic] more specific indications of discrimination from you, we decline to take further action on the charge because there are no indications that further investigation or other use of our limited resources will result in sufficient evidence to establish a violation. If your charge is dismissed, the dismissal notice issued to you will explain

3

> that while we are not certifying that the employer is in compliance with the laws we enforce, our investigation has revealed insufficient evidence to warrant further processing of the charge. The dismissal notice will describe your right to pursue the matter by filing a lawsuit in federal court within 90 days of your receipt of the notice.

APP. 054. When the EEOC Investigator asked Plaintiff if she had additional evidence to provide, Plaintiff said "no." APP. 054. Consequently, the EEOC concluded its investigation and closed the Charge that same day, on December 20, 2023. APP. 019, 051.

On January 3, 2024, the EEOC issued a notice-of-right-to-sue letter and emailed Plaintiff that a "new document" was available to download. APP. 003–6, 018, 041. On January 11, 2024, the EEOC sent Plaintiff a reminder email that an "Important Document" relating to the Charge was available. APP. 018, 041. Then, on January 19, 2024, the EEOC mailed the notice-of-right-to-sue letter to Plaintiff at 121 Brook Hollow LN, Red Oak, TX 75154, which is the same address Plaintiff listed on both her Charge and her Complaint. APP. 003–8, 052; ECF 3, Compl., p. 10.

On July 10, 2024, 203 days after the EEOC explained to Plaintiff that it was closing its investigation, 189 days after the EEOC emailed Plaintiff that a "new document" was available to download, 181 days after the EEOC sent Plaintiff a reminder email that an "Important Document" was available to download, and 173 days after the EEOC mailed the right-to-sue notice to the address provided by Plaintiff, Plaintiff filed her Complaint with the Northern District of Texas, purporting to assert claims against Defendant for race- and sex-based discrimination and retaliation under Title VII. ECF 3, Compl., ¶¶ 29-33.

### III.  ARGUMENTS & AUTHORITIES

**A.     The Complaint Should be Dismissed *With* Prejudice.**

The Court should dismiss Plaintiff's claims *with* prejudice for the reasons set forth below.

1.      <u>Legal standard under Rule 12(b)(6).</u>

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Unless a complaint can provide "enough facts to state a claim to relief that is plausible on its face," it cannot survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleaded facts are presumed true; legal conclusions without factual support are not. *Fuhr v. City of Sherman*, No. 4:21-CV-549, 2022 WL 828926, at *2 (E.D. Tex. Mar. 18, 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When deciding Rule 12(b)(6) motions, courts can consider: (1) facts in the complaint; (2) documents attached to the complaint; (3) documents attached to the motion to dismiss, if they are referenced in the complaint and are central to plaintiff's claims; and (4) matters of public record that are suitable for judicial notice. *Inclusive Comm. v. Lincoln Prop.*, 920 F.3d 890, 900 (5th Cir. 2019). Courts generally do not consider "matters outside the pleadings," meaning evidence "that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gen. Retail v. Wireless Toyz*, 255 F. App'x 775, 785 (5th Cir. 2007) (quoting Fed. Prac. & Proc. § 1366). However, courts within the Fifth Circuit have routinely taken judicial notice of EEOC documents when deciding Rule 12(b)(6) motions. *See, e.g., Bustos v. United Parcel Serv., Inc.*, 2020 WL 2529384, at *3 (S.D. Tex. Apr. 29, 2020) (taking

5

judicial notice of EEOC charge when deciding Rule 12(b)(6) motion), *report and recommendation adopted*, 2020 WL 2528540 (S.D. Tex. May 18, 2020); *Hernandez v. Univ. of Tex.-Pan Am.*, 2017 WL 6444957, at *3 (S.D. Tex. Aug. 10, 2017) (taking judicial notice of EEOC charge and intake questionnaire in deciding Rule 12(b)(6) motions); *Robinson v. Securitas Sec.*, 2023 WL 11822259, at *7 (W.D. La. July 24, 2023) ("The Court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion."), *report and recommendation adopted*, 2023 WL 11822257 (W.D. La. Aug. 23, 2023); *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 414 (E.D. La. 2016) ("the court can take judicial notice of the EEOC documents, which are public records whose authenticity is not disputed").

       2.    <u>Plaintiff did not timely file her Complaint.</u>

Title VII claims are governed by a statute of limitations that requires suit to be brought within 90 days of a plaintiff's receipt of notice of the right to sue. 42 U.S.C. § 2000e–5(f)(1). If a plaintiff files suit after the 90-day statute of limitations, a court will dismiss the plaintiff's Title VII action. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir.2002). The 90–day statutory period is strictly construed. *Id.*

Generally, the 90-day statute of limitations period commences when either the plaintiff or her attorney receives notice of the right to sue. *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Although the Fifth Circuit has not addressed the appropriate means by which a plaintiff or her counsel receives notice of the right to sue, other courts have held that a plaintiff has "90 days to file suit from the date they receive sufficient notice, regardless of the medium in which that notice is conveyed." *Jackson-Pringle v. Wash. Metro. Area Transit Auth.*, No. 20-1880 (JDB),

2022 WL 2982107, at *6 (D.D.C. July 28, 2022); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 116–17 (3d Cir. 2003) (finding oral notice of the right to sue was insufficient only because claimant was not informed of the 90-day statute of limitations). Courts within the Fifth Circuit have similarly held that when a plaintiff receives notice that the right to sue has been issued through means other than mail, the 90-day statute of limitations period commences regardless of whether the official letter has been received. *Young v. Martin Marietta Materials Inc.*, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 8, 2022), *report and recommendation adopted*, 2023 WL 36069 (E.D. Tex. Jan. 4, 2023) (email from EEOC informing plaintiff's counsel that it was terminating its investigation and providing notice of plaintiff's right to sue was sufficient notice); *Straughn v. Tex. Powertrain Assembly, LLC*, 2014 WL 5426489, at *6 (W.D. Tex. Oct. 22, 2014) ("[I]f a plaintiff receives oral notice from an EEOC officer that notice of right to sue has been issued, the ninety days will commence."); *Hunter–Reed v. City of Hous.*, 244 F. Supp. 2d 733, 741 (S.D. Tex. 2003) (limitation period was triggered when right-to-sue letter was available for pickup at the post office); *Thornton v. S. Cent. Bell Tel. Co.*, 906 F. Supp. 1110, 1117 (S.D. Miss. 1995) ("Where the EEOC has orally notified a complainant that it found no evidence of discrimination and that her charge had been dismissed, the claimant is not entitled to equitable tolling of the 90-day filing period.").

Furthermore, when a plaintiff does not allege a date of receipt of the right-to-sue notice, the Fifth Circuit presumes that the letter was received by the seventh day following the date the letter was mailed. *Taylor*, 296 F.3d at 380. Moreover, a

plaintiff's failure to download the notice of right to sue despite receiving an email notification that a new and important document is available for download does not extend the date of receipt or toll the statute of limitations. *See McNaney v. Sampson & Morris Grp., Inc.*, 2022 WL 1017388, at *4 (W.D. Pa. Apr. 5, 2022) (finding that counsel's failure to download notice of the right to sue did not toll the 90-day statute of limitations). That is because requiring actual download of the right-to-sue letter "would allow some plaintiffs 'open-ended time extension, subject to manipulation at will.'" *See Taylor v. Cnty. Bancshares, Inc.*, 325 F. Supp. 2d 755, 764 (E.D. Tex. 2004) (quoting *Watts–Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993)); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) ("Any more lenient rule would illicitly license a Title VII claimant to indefinitely extend limitations by avoiding acceptance of an RTS notice, thereby circumventing the Congressional mandate that private Title VII lawsuits should be initiated within ninety days of the EEOC's "giving" of official authorization to sue."). Simply put, Plaintiff cannot willfully ignore the EEOC's multiple attempts to deliver the right-to-sue notice to avoid triggering the 90-day limitations period.

Here, the EEOC provided Plaintiff with notice of her right to sue on at least three occasions: (1) by email on January 3, 2024; (2) by reminder email on January 11, 2024; and (3) by traditional mail on January 19, 2024. APP. 003–8, 018, 041, 052. Moreover, the EEOC explained to Plaintiff on December 20, 2023, that it was closing its investigation and did so that same day. APP. 019, 051, 054. Plaintiff, however, did not file her Complaint until July 10, 2024, 203 days after the EEOC explained to her

that it was closing its investigation, 189 days after the EEOC's initial email that a "new document" was available to download , 181 days after the EEOC's reminder email that an "Important Document" was available to download, and 173 days after the EEOC mailed the right-to-sue notice to Plaintiff's last known address. While Plaintiff received sufficient notice of her right to sue with both the EEOC's initial email on January 3, 2024, and reminder email on January 11, 2019, *see McNaney*, 2022 WL 1017388 at *4, even if Plaintiff is not considered to have received sufficient notice until January 26, 2024 – *i.e.*, the seventh day after the EEOC mailed the right-to-sue notice to Plaintiff's last known address – Plaintiff's Complaint is still untimely by over 75 days. *See* 42 U.S.C. § 2000e–5(f)(1); *see also Taylor*, 296 F.3d at 380.

       3.    <u>Plaintiff is not entitled to the protections of Title VII.</u>

Title VII does not provide an avenue for relief where no employee-employer relationship exists. Under Title VII, it is "an unlawful employment practice for an *employer*...to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges, of employment," because of such individual's race or sex. 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Further, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." *Id.* § 2000e(b). An employee, in turn, is defined as "an individual employed by an employer." *Id.* § 2000e(f). Given this framework, Plaintiff can only proceed with her Title VII claims if she was an employee of Defendant.[2] Plaintiff,

---

[2] Indeed, several circuits, including the Fifth Circuit, have recognized this principle. *See Diggs v. Harris Hospital-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988) (holding that an obstetrician-gynecologist was an independent contractor, and not an employee, of a hospital and, therefore, not entitled to protections of Title VII);

however, admits that she was an independent contractor, not an employee. *See* ECF 3, n. 1 ("I was a contractor"), ¶ 13 ("AllSourcePPS, Inc. finalized the onboarding process for employment"). Because Plaintiff was an independent contractor – never an employee – of Defendant, her Title VII claims must further be dismissed with prejudice.

     **B.**    **Alternatively, The Complaint Should Be Dismissed *Without* Prejudice.**

    While this case should be dismissed *with* prejudice under Rule 12(b)(6) for the reasons set forth above, in the absence of a dismissal with prejudice, this case should nevertheless be dismissed *without* prejudice under Rule 12(b)(3) for improper venue.

---

*Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111 (2d Cir. 2000) (holding that only an "employee," rather than an independent contractor, is entitled to protections of Title VII); *Cilecek v. Inova Health System Services*, 115 F.3d 256 (4th Cir. 1997) (holding that a physician under contract to provide emergency medical services at hospitals was an "independent contractor," not employee, and thus, he could not bring a Title VII action against employers); *Christopher v. Stouder Memorial Hosp.*, 936 F.2d 870 (6th Cir. 1991) (holding that a nurse who sought limited hospital privileges so that she could work as a private scrub nurse at hospital for any doctor who would employ her did not fall within "independent contractor" exception to Title VII because no contractual relationship existed directly between nurse and hospital); *Ost v. West Suburban Traverlers Limousine, Inc.*, 88 F.3d 435 (7th Cir. 1996) (holding that airport limousine driver was an independent contractor, which precluded two of her Title VII claims on the merits, even if she had been able to establish the 15-employee minimum required by Title VII since Title VII does not protect independent contractors); *Wilde v. County of Kandiyohi*, 15 F.3d 103 (8th Cir. 1994) (holding that business owner who provided office space and secretarial services to the county was an independent contractor, not an "employee" and therefore, she could not maintain a Title VII claim); *Adcock v. Chrysler Corp.*, 166 F.3d 1290 (9th Cir. 1999) (holding that automobile manufacturer and applicant for automobile dealership contemplated independent contractor rather than employment relationship, and applicant thus was not protected by Title VII); *Cobb v. Sun Papers, Inc.*, 673 F.2d 337 (11th Cir. 1982) (affirming dismissal of independent contractor's Title VII claims based on lack of employee-employer relationship).

1.     <u>Legal standard under Rule 12(b)(3).</u>

Under Rule 12(b)(3), claims may be dismissed for improper venue. Pursuant to 28 U.S.C. § 1391, venue is only proper in the following circumstances: (1) the defendant resides in the district where suit is brought, (2) a substantial part of the claim occurred in the district, or a substantial part of the property that is the subject of the action is situated where the suit is brought; or (3) a district within the "fallback option." 28 U.S.C. § 1391(b)(1), (b)(2); *see Atl. Marine Const. Co. v. U.S. Dist. Ct. W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). This fallback option is triggered "if there is no district in which an action may otherwise be brought as provided in this section" and allows "any judicial district in which any defendant is subject to the court's personal jurisdiction" to be considered a proper venue. 28 U.S.C. § 1391(b)(3). Venue in the Northern District of Texas is not proper under any of these circumstances.

2.     <u>Venue is not proper in the Northern District of Texas.</u>

First, Plaintiff has not asserted facts to establish that Defendant is a resident of Texas. For purposes of venue, a defendant corporation resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the action in question." *Salaiz v. Am.'s Lift Chairs, LLC*, No. EP-22-CV-26-DB, 2022 WL 17548580, at *1 (W.D. Tex. Apr. 25, 2022) (citing 28 U.S.C. § 1391(c)(2)). A corporation is subject to a court's personal jurisdiction in (1) its state of incorporation and (2) the state where it has its principal place of business. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Plaintiff concedes that Defendant is

"a foreign corporation in this State" that is incorporated in a state other than Texas.[3] ECF 3, Compl., ¶ 11. Rather, Defendant is incorporated in Delaware and maintains its principal place of business in Atlanta, Georgia, not Texas. APP. 151, at ¶ 3.

Second, the events described in Plaintiff's Complaint occurred outside of the state of Texas, and there is no substantial connection to the Northern District of Texas. As Plaintiff's alleges in her Complaint, Plaintiff's assignment with Defendant was at the "Delta Tech Ops Facility located at [the] Atlanta Hartsfield International Airport," which is located in Atlanta, Georgia. ECF 3, Compl., § 13; APP. 151, at ¶ 4. The *only* connection this case appears to have to the Northern District of Texas is that Plaintiff "now resides in Ellis County, [Texas]." ECF 3, Compl., § 11. Otherwise, Plaintiff has not alleged any facts that connect her claims to the Northern District of Texas, such that venue would be proper under 28 U.S.C. § 1391(b)(2).

Finally, the "fallback option" is not triggered here as there are multiple jurisdictions in which Plaintiff could have properly brought this suit under either 28 U.S.C. § 1391(b)(1) or (b)(2). Under 28 U.S.C. § 1391(b)(1), Plaintiff could have brought this suit in either the District of Delaware (*i.e.*, the district in which Defendant is incorporated) or the Northern District of Georgia (*i.e.*, the district in which Defendant's principal place of business is located). And Plaintiff could have further brought this suit in the Northern District of Georgia under 28 U.S.C. §

---

[3] While Plaintiff incorrectly alleges that Defendant is incorporated in the state of Georgia, instead of Delaware, she consequently concedes that Defendant is not incorporated in the state of Texas.

1391(b)(2) because that is the district in which a substantial part of Plaintiff's claims is alleged to have occurred.

Accordingly, venue is not proper in the Northern District of Texas, and, in the event the Court does not dismiss Plaintiff's claims with prejudice under Rules 12(b)(6) or 56, it should dismiss them without prejudice under Rule 12(b)(3) for improper venue.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6). In the absence of a dismissal with prejudice, Defendant respectfully requests the Court dismiss Plaintiff's Complaint without prejudice pursuant to Rule 12(b)(3).

Dated:        September 9, 2024                 Respectfully submitted,

*/s/ Celeste R. Yeager*
Celeste R. Yeager
Texas State Bar No. 00797715
cyeager@littler.com
M. Collin Quigley
Texas State Bar No. 24100928
cquigley@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201.2931
Telephone:    214.880.8100
Facsimile:     214.880.0181

**ATTORNEYS FOR DEFENDANT
DELTA AIR LINES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

On September 9, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. The CM/ECF system sent a Notice of Electronic Filing to the following counsel of record, who has consented in writing to accept service of this document by electronic means:

Margaret Woods
121 Brook Hollow Lane
Red Oak, TX 75154
margaretwoodsmm@gmail.com

*/s/ M. Collin Quigley*
M. Collin Quigley

4871-0538-7477.5 / 105518-1026

14